# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| SCOTT MATHEW CROWLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-205-SPM |
| | ) |
| JANE UNKNOWN, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Scott Mathew Crowley, a federal pretrial detainee who is incarcerated at the Ste. Genevieve County Jail, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss this action without prejudice.

## **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In the instant motion, plaintiff states that the Ste. Genevieve County Jail will not furnish him with a paper copy of his institution account statement because he is indigent. The Court will therefore assess an initial partial filing fee of $1.00, an amount that is reasonable under these circumstances. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). Any claim that plaintiff is unable to pay this amount must be supported by a copy of plaintiff's institution account statement.

**Background**

On May 7, 2018, plaintiff filed a civil rights complaint in this Court seeking relief against John Q. Public (the Chief United States Marshal) and Joe Q. Public (the Deputy Chief United States Marshal). *Crowley v. John Q. Public, et al.*, No. 1:18-cv-108-AGF (E.D. Mo. 2018) (hereafter "*Crowley I*"). Plaintiff sought and was granted leave to proceed *in forma pauperis*. His allegations stemmed from occurrences at the Ste. Genevieve County Jail.

According to the complaint in *Crowley I*, on March 26, 2018, a nurse at the Ste. Genevieve County Jail performed a "pre eye exam," and told plaintiff he had 2100 vision. Plaintiff was told that, according to the policy of the United States Marshal Service, to qualify for an eye exam, plaintiff must be legally blind, *i.e.*, have 2200 or 20/200 vision. On April 20, 2018, while walking to the bathroom, plaintiff was assaulted by two to four individuals. He stated he would have avoided the situation if he had been wearing eyeglasses. As relief, he sought $1,250.00 in damages per day. On August 10, 2018, the Court dismissed the case

pursuant to 28 U.S.C. § 1915(e)(2)(B) after determining that the complaint was frivolous and/or failed to state a claim upon which relief could be granted.

## The Complaint

Plaintiff filed the instant civil rights complaint against Nurse Jane Unknown (a nurse at the Ste. Genevieve County Jail), John Doe (the Chief U.S. Marshal), and James Doe and Major J. Schott (officers at the Ste. Genevieve County Jail). As in *Crowley I*, plaintiff alleges that, on March 26, 2018, Nurse Jane performed a "pre eye exam," and told plaintiff he had 20/100 vision. Plaintiff was told that under the policy of the United States Marshal Service, to qualify for an eye exam, plaintiff must be legally blind, *i.e.*, have 20/200 vision. Plaintiff told her he was getting headaches, and that he suffered from night blindness. On March 25, 2018 defendant James Doe answered a grievance he filed. On April 5, 2018 plaintiff appealed his grievance, and Major Schott confirmed with plaintiff the U.S. Marshal's Service policy regarding an eye examination. On the night of April 20, 2018, as plaintiff was walking to the bathroom, he was assaulted by two to four individuals. He received medical treatment for his injuries, and he does not allege such treatment was inadequate. Other people at the Ste. Genevieve County Jail have received prescription eyeglasses. As relief, plaintiff seeks damages of $1,000 per day from each defendant from March 26, 2018 to the conclusion of this action.

## Discussion

The allegations in the instant complaint, which plaintiff has filed *in forma pauperis*, are duplicative of the allegations plaintiff brought in *Crowley I*, which the Court dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Here, plaintiff has named some new defendants and has added some additional details. However, all of the new defendants could have been named in *Crowley I*, and all of the additional details could have been set forth in *Crowley I*. While the dismissal of

*Crowley I* "does not bar future litigation over the merits of a paid complaint making the same allegations as the dismissed complaint," a § 1915(e)(2)(B) dismissal has res judicata effect on frivolity determinations for future *in forma pauperis* actions. *Waller v.Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (*per curiam*) (citing *Denton v. Hernandez*, 504 U.S. 25 (1992)); *see also Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions).

Accordingly, this Court determines the § 1915(e)(2)(B) dismissal of *Crowley I* has res judicata effect and establishes that this second, nearly identical complaint is frivolous for § 1915(e) purposes. In addition, as was explained by the *Crowley I* Court in its August 10, 2018 Memorandum and Order, plaintiff's allegations are frivolous and/or fail to state a claim upon which relief may be granted. The Court will therefore dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED as moot**.

An Order of Dismissal will accompany this Memorandum and

Order. Dated this 28th day of September, 2018.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE